ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 10 2026
CLERK, U.S. DISTRICT COURT
By________ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

DAVID ALVARO LACAYO-ESCOTO (01)

No. 4:26-MJ-719

**CRIMINAL COMPLAINT**

**Alleged Offense:**

I, Deportation Officer Luis Iglesias, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about January 16, 2026, in the Northern District of Texas, defendant, **David Alvaro Lacayo-Escoto**, an alien, was found in the United States having previously been deported and removed from the United States on or about February 7, 2018, and he had not received the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) and (b).

**Probable Cause:**

I, Luis Iglesias, being duly sworn, depose and state that I am a Deportation Officer with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), formerly the United States Immigration and Naturalization Service ("INS") and have been employed as a Deportation Officer since 2023. Prior to my employment as a Deportation Officer, I was employed as a Border Patrol Agent with Customs and Border Protection from 2019 to 2023. I am currently assigned to ERO's Criminal Prosecutions Unit in the Dallas Field Office. My responsibilities include conducting investigations related to the enforcement of the U.S. Immigration and Nationality Act ("INA") aimed at the detection, apprehension, prosecution and removal of foreign nationals illegally and/or unlawfully present in the United States.

**David Alvaro LACAYO-Escoto (LACAYO)** is an alien previously encountered by the DHS and/or legacy INS. DHS therefore maintains an "Alien File" or "A-file" for **LACAYO** that contains government records and documentary evidence related to his citizenship, nationality, alienage, immigration history, and any immigration applications submitted by his or on his behalf. The statements in this affidavit are based on my personal knowledge and experience, investigation of the facts, review of documents contained in the A-file assigned to the defendant, information contained in DHS and law enforcement electronic databases, and information provided to me by witnesses or other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth those facts that I believe are necessary to establish probable cause of a violation of a federal criminal offense, specifically, 8 U.S.C. § 1326(a), illegal reentry after removal from the United States, as follows:

1. **LACAYO** is a citizen and national of Nicaragua, born in Nicaragua. **LACAYO** is not a citizen or national of the United States and does not have legal immigration status in the United States.

2. On or about January 4, 2018, **LACAYO** was ordered removed by an immigration official in Dallas, Texas.

3. Pursuant to that Order of Removal, on February 7, 2018, **LACAYO** was deported and removed from the United States to Nicaragua through Alexandra, Louisiana, which was verified through systems checks and documentary evidence contained within the defendant's A-file.

4. On or about January 16, 2026, **LACAYO** was encountered in Arlington, Texas, following his arrest for local charges.

5. On or about August 26, 2026, **LACAYO** was transported to the ICE/ERO Dallas Field Office, where he was interviewed, fingerprinted, and photographed. The information was submitted to the Automated Biometric System ("IDENT") and Integrated Automated Fingerprint Identification System ("IAFIS") databases for comparison. The fingerprint submission resulted in a match for **LACAYO**, and his associated immigration history described above.

6. A review of automated immigration systems and **LACAYO** A-file do not indicate that **LACAYO** ever applied for or received permission from the United States Attorney General or the Secretary of the Department of the Homeland Security to reenter the United States at any time after being deported and removed from the United States.

**Conclusion**

On the basis of the foregoing, it is my belief that **David Alvaro Lacayo-Escoto** violated 8 U.S.C. § 1326(a) and (b).

Deportation Officer Luis Iglesias
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement

SWORN AND SUBSCRIBED to before me this 10th day of September, 2026 at 10:31 am/pm, in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE